## BANGOR HOUSE PROPRIETARY *vs.* HINCKLEY.

Where tenants in common of a lot of land, on their petition, were incorporated for the purpose of erecting a public house thereon, the character of the property was thereby changed from real to personal; and the owners, instead of holding as tenants in common, with the rights, privileges, and liabilities incident to that relation, held as corporators subject to the rules and regulations prescribed in the Act.

The Act of incorporation contained the following provision : " Nor shall the " proprietor of any share or shares be liable in his person or property for any " tax, assessment, or demand, beyond his interest in said corporation ; though " every share shall be perpetually pledged and holden to the corporation for " all the assessments made and all debts due thereto." *Held*, that *assumpsit* could not be maintained to recover the amount of an assessment, but that the only remedy for non-payment, was by a sale of the delinquent proprietors' shares.

THIS action, which was *assumpsit* to recover the amount of sundry assessments on the defendant's shares in the *Bangor*

*House Proprietary,* was submitted for the decision of the Court upon the following agreed statement of facts.

In *January,* 1833, the defendant was an owner in common and undivided, with divers other persons, in lots No. 6 and 8, in *Bangor,* he owning one one hundredth part. And on the same day, he, with the other owners, joined in a petition to the Legislature, to be incorporated for the purpose of erecting a public house on said lots. In pursuance of which, an act was passed by the Legislature, *February* 26, 1833, entitled " An Act to incorporate the Bangor House Proprietary." The act was duly accepted, and the corporation organized under it by the choice of officers. Sundry assessments had been made at legal meetings of the corporation, for the purpose of erecting said house, which at the time of this action, had been nearly completed ; but the defendant had not attended said meetings. He had paid assessments on his one share to the amount of $20, and the amount of assessments unpaid and claimed in this action was $710.

*F. Allen,* for the plaintiffs.

The case finds, that the defendant was, and is, an owner in common of lots No. 6 and 8, in *Bangor,* upon which the splendid edifice of the " Bangor House" is erected ; and it follows, independent of the incorporation, that he becomes an owner in common of the building, the same having been built for him as well as the other owners. This distinguishes the present case from those where the subscribers became interested solely in consequence of their subscriptions for stock. This is like the ordinary case of a man having a house, or store, or wharf, erected on his land by his assent and direction, and for his use, in which case he is liable for the value of the labor and materials. And where the erection is by a third person and not by one of two or more tenants in common, each one would be liable for the whole. It was to limit this liability that the clause in the *4th section,* relied upon by the defendant, was introduced.

The case of *Davenport* v. *Mason,* 15 *Mass.* 85, is somewhat similar to this. There was, to be sure, in that case, no act of incorporation, but there was the same benefit to the proprietor.

The remedy provided in this case, by a sale of the share, is cumulative merely. It is not an exclusive remedy. 1. Because

it is not declared to be so.  2. Because if it was so, there would be no occasion for introducing the provision recited from the *4th section.*

*W. Abbot,* argued for the defendant, and cited the following authorities: *Andover and Medford Turnpike* v. *Gould,* 6 *Mass.* 40; *New Bedford and Bridgewater Turnpike* v. *Adams,* 8 *Mass.* 138; *Ripley* v. *Sampson & al.* 10 *Pick.* 371; *Franklin Glass Co.* v. *White,* 14 *Mass.* 286; *Melody* v. *Reab,* 4 *Mass.* 471; *Gibson* v. *Jenness,* 15 *Mass.* 205.

WESTON C. J. — The counsel for the plaintiffs contends, that the defendant is owner of a one hundredth part of the land, upon which the Bangor house is built, as tenant in common, and consequently of the house in the same proportion, and as an erection upon his land.  We cannot assent to the correctness of this position.  Prior to the act incorporating the plaintiffs, he was the owner of the land as tenant in common in the proportion stated. The effect of that act was to change the character, under which he and his associates held the land.  Instead of holding as tenants in common, with the rights, privileges and liabilities incident to that relation, they thereafterwards held as a corporation, and the interest of the corporators, of whom the defendant was one, was converted from real, into personal estate.  And that estate was made subject to the rules and regulations, prescribed in the act.

The case finds, that the incorporation was granted upon the petition of the defendant and others, and that he has made a payment upon the assessments, duly and regularly imposed upon his share.  The act is binding then upon the defendant, and the question of his liability to this action must depend upon its provisions, and not upon his former interest as tenant in common, which had ceased and assumed a new shape, under the sanction of the legislative power.

The right to impose assessments depended altogether upon the act, by which it was created, and in which it had its origin.  And there is provided therein a remedy for its enforcement.

It is urged that the action may be maintained under a clause in the *4th section.*  It is in these words : " nor shall the propri-

" etor of any share or shares, be liable in his person or property " for any tax, assessment, or demand beyond his interest in said " corporation; though every share shall be perpetually pledged " and holden to the corporation for all the assessments made, and " all debts due thereto." No remedy is there affirmatively given, or liability imposed. The terms used are those of limitation. Had no special remedy been provided by the act, to enforce payment of the assessments, a liability might be implied to the extent of the interest, held by each corporator. Now the interest of each corporator depends for its value upon the assessments, by him actually paid. If he had paid nothing, it might be of no value whatever. The third section had provided a mode, by which that value, whatever it might be, might be made available to the corporation, and the part of the fourth section cited, declares expressly, that the liability of a corporator shall not be further extended.

We find nothing in the case to distinguish it from that of the *Andover and Medford Turnpike* v. *Gould,* 6 *Mass.* 40, where the rule is stated and enforced, that when a statute gives a new power, and at the same time provides the means of executing it, those who claim the power, can execute it in no other way. The mode provided there, as here, was by a sale of the delinquent's shares. And the authority of that decision has been since adopted and enforced in other cases, cited in the argument.

The opinion of the Court is, that the action is not sustained, upon the facts agreed.

<div align="right">

*Plaintiffs nonsuit.*